Gregorio A. TOQUERO, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 91–3234.

United States Court of Appeals, Federal Circuit.

Jan. 6, 1993.

Gregorio A. Toquero, pro se.

Anita Marshall, Merit Systems Protection Board, Washington, DC, submitted, for respondent. Of counsel were Mary L. Jennings and Martha B. Schneider.

Before NIES, Chief Judge, NEWMAN and PLAGER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Gregorio A. Toquero, appearing *pro se*, appeals the decision of the Merit Systems Protection Board, Docket No. SE08319010397, dismissing his appeal of the denial by the Office of Personnel Management (OPM) of his application for a deferred annuity under the Civil Service Retirement Act. 47 M.S.P.R. 124. We affirm.

## OPINION

Mr. Toquero filed an application for a deferred annuity on November 29, 1989, alleging seven years of employment in a civilian capacity for the United States government, in the Philippines. OPM "disallowed" the application by decision letter dated January 10, 1990, stating that a search of the National Personnel Records Center did not verify Mr. Toquero's claimed service. The letter stated:

If you believe that this action is improper, you may request reconsideration as outlined in the attached procedures.

The "attached procedures" referred to by OPM appear to be those entitled "Information & Instructions on your Reconsideration Rights". They state:

Reconsideration is OPM's review of its initial decision in order to verify that all applicable laws and regulations were properly applied.

This notice gives specific instructions on how you may request reconsideration of an initial decision....

A copy of the procedures as provided by OPM is attached hereto. Perusal thereof shows no statement that reconsideration must be requested if any appeal is to be taken of OPM's decision.

On April 30, 1990 Mr. Toquero wrote to the Board stating that he wanted to appeal OPM's decision, and that he did not want to request reconsideration by OPM. The Board docketed the appeal. On June 13, 1990 OPM moved to dismiss on the ground that no reconsideration decision had issued, citing 5 CFR § 831.109(f). This motion contained the first assertion of an obligation upon Mr. Toquero to request reconsideration. Indeed, 5 CFR § 831.109(f) only indirectly so states, providing that:

After reconsideration [OPM] shall issue a final decision [that] shall contain notice of the right to request an appeal....

No regulation states that reconsideration *must* be requested, or that an "initial decision" must be so designated, in order to make clear that it is not appealable.

The administrative judge on June 20, 1990 issued an "Order Closing the Record", stating that Mr. Toquero's appeal appeared to be "premature" because no reconsideration decision had issued. The Order required Mr. Toquero to "show that your appeal is timely filed". Mr. Toquero did not respond; perhaps because he had already stated that he did not wish to request reconsideration; perhaps because he recognized that the 30-day period for requesting reconsideration had long passed; perhaps because he did not understand this "order closing the record".

The administrative judge then dismissed the appeal, advising Mr. Toquero that he could petition the full Board. He did so, arguing the merits of his case, and also stating that "I did not request for reconsideration because I know that their decision is just the same of the decision of the OPM,

so please help me due my claim." The Board summarily denied the petition, advising Mr. Toquero that he could appeal to the United States *Court of Appeals for the Federal Circuit.* This appeal followed.

Before this court, Mr. Toquero again asserts his claim for a deferred annuity. OPM requests dismissal, stating that OPM has never issued a final decision, and there is nothing for Mr. Toquero to appeal. Throughout these elaborate proceedings, neither OPM nor the administrative judge nor the Board has told Mr. Toquero what he must do; they have simply rejected what he did do.

### Discussion

OPM does not assert that Mr. Toquero was told, in OPM's decision letter, that his right of appeal depended on first filing a request for reconsideration. Not until the proceedings before the administrative judge does reference appear (in the OPM motion of dismissal) to the requirement that a request for reconsideration be made.

Neither OPM's decision letter, nor the attached "Information and Instructions", referred to the regulation on which OPM relies. The administrative judge's description of this letter as an "initial decision" is unsupported by the letter itself. On this appeal OPM does not discuss the adequacy of its forms, and Mr. Toquero, *pro se,* does not raise the question. Thus OPM simply argues that the Board properly dismissed Mr. Toquero's claim because there was no reconsideration decision.

In *Mendoza v. Merit Systems Protection Board,* 966 F.2d 650 (Fed.Cir.1992) this court held, *en banc,* that in reviewing the Board's discretionary rulings we could not substitute our judgment for that of the Board. Mrs. Mendoza, acting *pro se,* had failed to reply to an "order to show cause" on the issue of timeliness, despite Mrs. Mendoza's earlier explanation of her untimeliness (that she was old and sickly) in her initial filing to the Board. This court held that Mrs. Mendoza was required to reply to the order to show cause, and that it was not an abuse of discretion for the administrative judge to dismiss the case for untimeliness.

By analogy, Mr. Toquero, acting *pro se,* failed to reply to an "order closing the record" on the issue of "timeliness" (as the administrative judge called the reconsideration issue), despite Mr. Toquero's earlier explanation that he did not want to request reconsideration, in his initial filing to the Board. Applying the principle reflected in *Mendoza,* as we must, it was not an abuse of discretion for the administrative judge to treat the filing as "untimely", therefore dismissing the petition "without prejudice". Although we do not approve the inefficiency in requiring that Mr. Toquero start again, this procedure was within the discretion of the administrative judge. The Board's decision is

AFFIRMED.

NIES, Chief Judge, concurs in the result.

### APPENDIX

### UNITED STATES

### OFFICE OF PERSONNEL MANAGEMENT

### CIVIL SERVICE RETIREMENT SYSTEM

### WASHINGTON, D.C. 20415

**Information and Instructions on Your Reconsideration Rights**

**I Information**

Reconsideration is OPM's review of its initial decision in order to verify that all applicable laws and regulations were properly applied.

This notice gives specific instructions on how you may request reconsideration of an initial decision made by OPM's Retirement and Insurance Group in any case where the decision:

• Affects your rights or interests under the Civil Service Retirement System, except in matters pertaining to disability retirement and annuity overpayments. Different instructions apply to these excep-

tions; see below for more information. (5 C.F.R., Part 831)

- Denies you basic or optional life insurance coverage under the Federal Employees' Group Life Insurance Program or denies you the right to change your post-retirement basic life insurance coverage after retirement. (5 C.F.R., Parts 870, 871, 872, and 873)
- Refuses your request to enroll or change enrollment in the Federal or Retired Federal Employees Health Benefits Program. (5 C.F.R., Parts 890 and 891)
- Refuses your request to permit coverage of someone as a family member under the Federal or Retired Federal Employees Health Benefits Program. (5 C.F.R., Parts 890 and 891)

These instructions do not apply to:

- Reconsideration of a disability retirement decision.
- Reconsideration of an initial decision under 5 USC 8336(c) regarding law enforcement or firefighter eligibility.
- Reconsideration of a decision to collect an annuity overpayment.

*OPM will give you separate specific instructions and information in the above instances.*

- Reconsideration of a claim denied by your health insurance carrier. All such requests for reconsideration should be sent to the address shown in the brochure of your plan.

If you wish general information about benefits, or wish a written decision on another matter, you should write to:

> Office of Personnel Management
> Employee Service and Records Center
> Boyers, PA 16017.

## II Procedures

The procedures for requesting reconsideration—as established by Federal regulation—are as follows:

A. Make your request in writing and state that you are requesting reconsideration; if possible, include a copy of the initial decision on which your request is based. Include your name, address, date of birth, claim number (if applicable), name of the health insurance plan (if applicable), and your reason(s) for the request.

B. You must file your written request for reconsideration with OPM within 30 days from the date of OPM's initial decision (OPM can extend the time limit if you can show that you (1) were not notified of the time limit and were not otherwise aware of it or (2) were prevented from responding by a cause beyond your control.)

C. Send your request for reconsideration to:

> Office of Personnel Management
> Employee Service and Records Center
> Reconsideration Staff
> P.O. Box 107
> Boyers, PA 16020

**USE THIS ADDRESS ONLY FOR CORRESPONDENCE CONCERNING YOUR RECONSIDERATION REQUEST**

If you plan to submit additional evidence to support your claim and that evidence is not immediately available, you must:

- Submit a written request for reconsideration within the 30–day time limit; and
- Include in your request for reconsideration a statement that you will be submitting additional evidence, a brief description of the evidence you will submit, your estimate of the date the evidence will be available, and a brief explanation for the delay.

We will acknowledge receipt of your statement and let you know the date after which additional submissions will not be accepted.

## III Final Decision

After reviewing our initial decision and any new evidence that has been submitted. OPM will send you a final decision in writing. We will send copies of that decision to any competing claimants or to your employing office if applicable.

PLAGER, Circuit Judge, concurring.

I concur in the decision for the reasons stated by Judge Newman (see *Mendoza v. MSPB* ).

In the case before us, the instructions Mr. Toquero received from OPM were confusing at best regarding whether it was necessary to request a reconsideration. No one—not OPM, not the AJ—ever explained or clarified, prior to the dismissal of the appeal by the MSPB, what he must do to have his case considered on the merits. Admittedly OPM has a difficult job, and if it insists that decisions it makes on an application for benefits must be re-made a second time before an applicant can consider the decision final, it is not for this court to say otherwise.

At the same time, there is an obligation on government to make reasonably feasible for the individual the opportunity to ascertain whether his or her rights, including rights to government largess, have been properly determined.[1] While all citizens are presumed to know the law, that legal fiction is not equivalent to requiring that an elderly resident of the Philippines must be personally conversant with the intricacies of the Code of Federal Regulations.

One might question the wisdom of a petitioner who persists in pursuing appeal after appeal in a case which on its face shows so little promise. But one might equally question the wisdom of a system that permits such pursuit. Congress has provided the system, and it is our job to see that it is administered fairly under the law. This court is continually reviewing *pro se* appeals by individuals who have been given little help by the form documents the Government issued them. If OPM chooses to improve its standard letters and instructions in order to avoid a recurrence of the problem in this case, all to the good. The fact that few cases may be expected to warrant our intervention detracts not at all from the benefits the general citizenry might derive from clearer and more explicit government guidance in these matters.

---

1. *See* Charles A. Reich, *The New Property After 25 Years,* 24 U.S.F. L.Rev. 223 (1990); *The New Property,* 73 Yale L.J. 733 (1964).