Doris G. **CHEGUINA**, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD**, Respondent.

No. 95–3326.

United States Court of Appeals, Federal Circuit.

Nov. 7, 1995.

David W. Hopkins, Del Priore & Gumatactao, Agana, Guam, argued for petitioner. D. Graham Botha, Jr., Del Priore & Gumatactao, Agana, Guam, was on the brief for petitioner.

Eric D. Flores, Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, D.C., argued for respondent. With him on the brief were Mary L. Jennings, Acting General Counsel and Martha B. Schneider, Assistant General Counsel.

Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The petitioner Doris G. Cheguina challenges the decision of the Merit Systems Protection Board (Board) dismissing as untimely her appeal from her removal by the Department of the Navy. The questions are (1) whether the Board's administrative judge properly dismissed her appeal when she failed to respond to the judge's order to show that her appeal was timely or that good cause existed for the delay in filing; and (2) whether the Board abused its discretion in refusing to permit her to supplement the record on the administrative appeal to include documents showing that the appeal was timely, which documents she could have filed with the administrative judge before he dismissed the appeal. We affirm.

I.

The Navy removed Ms. Cheguina from her position in Guam, effective February 17, 1994. Attached to the notice of removal was an appeal form stating that any appeal must

be filed no later than 20 days (as the regulation then required) "after the effective date" of the action challenged. Ms. Cheguina, represented by counsel, appealed her removal to the Board.

On March 17, 1994, the administrative judge to whom the appeal was assigned issued a standard "Acknowledgement Order." In addition to specifying the procedures to be followed, this document contained on the second page, under the caption "TIMELINESS" (which was underlined), the following two paragraphs, which occupied most of the page:

> You must file an appeal with the Board within 20 days of the effective date of the action you are challenging. The date your appeal is postmarked is ordinarily considered the date of filing. If you personally deliver your appeal to the regional office, the date of filing is the date of receipt. If you file by facsimile, the date of filing is the date of the facsimile. Because your appeal appears to have been filed after the time limit, it may be untimely filed.

> You have the burden of proof on the issue of timeliness. Accordingly, I **ORDER** you to file evidence and argument showing that your appeal was timely filed or that good cause existed for the delay. Your submission must be filed within 15 days of the date of this Order. The agency may file a response on this issue within 25 days of the date of this Order. Unless I notify you to the contrary, the record on this issue will close on that date. No evidence or argument on the timeliness issue filed after the close of record will be accepted unless you show that it is new and material evidence that was unavailable before the record closed.

The word "order" was in capital letters and boldface.

Ms. Cheguina failed to reply.

On April 11, 1994, ten days after the deadline for filing a response and the date on which under the acknowledgement order the "record on this issue" was closed, the administrative judge issued an initial decision dismissing the appeal as untimely. The administrative judge stated that the appeal was filed on March 14, 1994 (the postmark date),

which was five days late; that Ms. Cheguina did not respond to the Board's Order affording her an opportunity to file evidence and argument on the timeliness issue; and that "[w]here an appellant provides no excuse for the untimeliness of her appeal, waiver of the time limit is inappropriate, no matter how brief the delay."

Ms. Cheguina, still represented by counsel, filed with the Board a petition to review the initial decision. She requested that the record be reopened to receive three declarations showing that the notice of appeal was mailed by her attorney in Guam on March 9, 1994, and therefore was timely. She stated that her failure to reply to the administrative judge's directive in the acknowledgement order "was inadvertent and innocent based upon: (1) the confusing and unclear Acknowledgement Order language regarding timeliness" and that the order was "deficient" since it failed to give her "UNAMBIGUOUS NOTICE that if Appellant did not show timely filing or reasonable excuse by April 1, 1994, then her appeal would be dismissed" (emphasis in original).

A divided Board affirmed the initial decision with modifications. The Board held that although it was

> arguable that, under current Board law, had the appellant timely filed the same submission below, in response to the acknowledgement order, as she files now on review, she would have been able to establish that her appeal was timely filed ... her submission comes too late. The sworn affidavits she includes with her petition for review are not new evidence appropriate for the Board to consider at this stage of the proceedings. On the contrary, the facts that the appellant sets forth in her petition for review and supporting affidavits were previously known and available to her. The affidavits could, with due diligence, have been submitted as requested during the proceedings below, had her attorney not ignored the administrative judge's explicit order.

The Board stated:

> The language in the acknowledgement order may have been boilerplate, but it was

specifically directed to the appellant, it set forth precisely the issues that she should address in her response, and it clearly spelled out the consequences of not responding. The contention of the appellant's attorney that he did not understand that he was supposed to respond to the acknowledgement order as ordered is simply not credible. Accordingly, we find no basis on which to disturb the initial decision's dismissal of the appeal.

Chairman Erdreich, dissenting, would have "waived" "[t]he time limits for filing a petition for appeal." He stated that in her petition for review Ms. Cheguina had submitted "unrebutted evidence in the form of a sworn affidavit that an attorney in the law firm representing her deposited her appeal into a United States Postal Service collection drop in Agana, Guam on March 9, 1994"; that "had this affidavit been submitted to the administrative judge in response to the acknowledgement order, the appeal would have accepted as timely filed"; and that "[t]he language in the acknowledgement order easily could be misunderstood, even by an attorney. Ms. Cheguina should not have her appeal rights terminated prematurely simply because of a misunderstanding of an implication in the language of one of the Board's orders."

## II.

As the case comes to us, there are two issues: (A) was the administrative judge justified, on the record before him, in dismissing the appeal as untimely; and (B) if he was so justified, did the Board abuse its discretion in refusing to reopen the record.

A. The acknowledgement order clearly and unequivocally informed Ms. Cheguina's lawyer that "[t]he date your appeal is postmarked is ordinarily considered the date of filing" and that "[b]ecause your appeal appears to have been filed after the time limit, it may be untimely filed." Upon receiving this notice, her lawyer could have had no doubt that the notice of appeal was postmarked after the filing deadline of March 9, even though the order did not state the date of the postmark. Similarly, a lawyer would know that the usual result if an appeal is

"filed after the time limit" is dismissal of the appeal.

In any event, there was no possible ambiguity about the provision that "**ORDER**[ed]" Ms. Cheguina within 15 days "to file evidence and argument showing that your appeal was timely filed or that good cause existed for the delay." This directive was clear and explicit, and Ms. Cheguina's lawyer simply ignored it. Her lawyer's subsequent claim that the alleged ambiguity, uncertainty and complexities of other portions of the acknowledgement order somehow justified his total ignoring of this explicit directive is preposterous.

 What this court said in its in banc opinion in *Mendoza v. Merit Systems Protection Board,* 966 F.2d 650 (Fed.Cir.1992), is equally applicable here:

It was Ms. Mendoza's obligation to make an appropriate response to the Order. A petitioner who ignores an order of the Administrative Judge does so at his or her peril. Litigants before the Board, whether rich or poor, whether resident abroad or in the United States, are obligated to respect the Board, its procedures, including deadlines, and the orders of the Board's judges.

*Id.* at 653; *see also Toquero v. Merit Sys. Protection Bd.,* 982 F.2d 520, 522 (Fed.Cir. 1993).

In its brief, the Board states that it has "used the standard acknowledgement order since its inception." We know of no case in which an appellant, either *pro se* or through a lawyer, whose notice of appeal was untimely, has attempted to justify the delay on the ground that the acknowledgement order was so confusing and ambiguous that the appellant was unaware of the obligation. The acknowledgement order gave Ms. Cheguina and her lawyer adequate notice of the timeliness question and what she was required to do about it. Since she simply ignored that directive, it is immaterial that the order did not explicitly state that the notice of appeal was postmarked March 14 or that the consequence of failure to timely submit information on the timeliness question would be dismissal of the appeal.

On April 11, 1994, ten days had passed since Ms. Cheguina's deadline for filing a response on the issue of timeliness, she had filed nothing, and the "record on this issue" was closed. Since the record as it then stood showed that the appeal was untimely, the administrative judge was fully justified in dismissing the appeal. *Mendoza,* 966 F.2d at 653–54.

B. The last sentence of the second paragraph of the acknowledgement order dealing with timeliness stated that "[n]o evidence ... on the timeliness issue filed after the close of record will be accepted unless you show that it is new and material evidence that was unavailable before the record closed." Ms. Cheguina's petition for review by the Board did not satisfy this requirement.

As the Board correctly pointed out, "the facts that the appellant sets forth in her petition for review and supporting affidavits were previously known and available to her. The affidavits could, with due diligence, have been submitted as requested during the proceedings below, had her attorney not ignored the administrative judge's explicit order." Ms. Cheguina made no attempt to show, and did not even assert, as the acknowledgement order required for a waiver of the time limit on the admission of evidence, that this evidence "was unavailable before the record closed." All her attorney contended was that the acknowledgement order was vague and confusing—a contention we have rejected.

"[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza,* 966 F.2d at 653. Assuming without deciding that whether to reopen the record to admit new evidence that could have been but was not supplied before the record was closed similarly is within the Board's discretion, the Board did not abuse its discretion in refusing to reopen the record in this case. On that record, the Board properly dismissed Ms. Cheguina's appeal as untimely.

The decision of the Merit Systems Protection Board dismissing the appeal as untimely is

AFFIRMED.