78 F.3d 604
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Reynaldo F. PASCASIO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3766.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1996.
 
 Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Reynaldo F. Pascasio petitions for review of the final decision of the Merit Systems Protection Board ("Board") in docket No. SE-0831-95-0207-I-1.[1] In its decision, the Board dismissed Pascasio's appeal for untimely filing. We affirm.
 
 DISCUSSION
 
 2
 On October 21, 1993, the Office of Personnel Management ("OPM") issued a reconsideration decision denying Pascasio's request for a survivor annuity. On March 2, 1995, over a year later, Pascasio filed an appeal with the Board requesting reconsideration and reversal of OPM's reconsideration decision. On March 28, 1995, the AJ ordered Pascasio to file, within thirty (30) days from the date of the order, evidence and argument showing that the appeal was timely filed or that good cause existed for the delay. Pascasio did not respond, and the AJ dismissed the appeal as untimely filed.
 
 
 3
 On appeal, Pascasio must show that the Board's decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 4
 An appeal from an OPM reconsideration decision issued before June 17, 1994, had to be filed within 25 calendar days of the date the decision was issued. See 5 C.F.R. §§ 1201.4(h), 1201.22(b) (1994). As explained above, Pascasio's filed his appeal more than one year after the issuance of the decision. The Board may waive a filing deadline if an appellant shows good cause for the delay by establishing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. See Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980); 5 C.F.R. § 1201.12 (1995). We review the Board's dismissal of an appeal for untimely filing for abuse of discretion. See Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982).
 
 
 5
 As noted above, Pascasio failed to respond to the AJ's order to show that the appeal was timely filed or that good cause existed for delay. When--as here--an appellant fails to respond to such an order, and the record then before the AJ shows that the appeal was untimely, the AJ is "fully justified in dismissing the appeal." Cheguina v. Merit Sys. Protection Bd., 69 F.3d 1143, 1147 (Fed.Cir.1995) (citing Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653-54 (Fed.Cir.1992)).
 
 
 6
 Pascasio, in his unsuccessful petition to the Board for review of the AJ's initial decision, set forth facts that he urges shows good cause for his delay in filing his appeal. These facts were previously known and available to Pascasio, however, and could, with due diligence, have been submitted in response to the AJ's order. Whether to reopen the record to admit new evidence that could have been, but was not, supplied before the record was closed is within the Board's discretion. See Cheguina, 69 F.3d at 1147. The Board did not abuse its discretion in not reopening the record in this case.
 
 
 
 [1]
 The May 19, 1995 initial decision of the administrative judge ("AJ") became the final decision of the Board on August 1, 1995, when the Board denied Pascasio's petition for review