**John T. LANDAHL, Petitioner,**

v.

**DEPARTMENT OF COMMERCE,
Respondent.**

No. 01–3089.

United States Court of Appeals,
Federal Circuit.

June 6, 2001.

Rehearing and Rehearing en Banc Denied
Aug. 14, 2001.

Before MAYER, Chief Judge, LINN and DYK, Circuit Judges.

PER CURIAM.

John T. Landahl seeks review of the decision by the Merit Systems Protection Board, Docket No. SE0752980236B–1, 87 M.S.P.R. 530, denying his claim that his resignation from the position of computer specialist with the National Oceanic and Atmospheric Administration was involuntary because of the administration's failure to inform him of and grant him leave under the Family and Medical Leave Act (FMLA). We *affirm* .

Following a remand from the board, the administrative judge found that Landahl had submitted evidence, including medical records, to establish that in 1996 he had been diagnosed for clinical depression and given medication. This diagnosis was repeated with a change in medication in June 1998. However, the administrative judge held that the balance of the evidence showed that Landahl's resignation was voluntary and based on dissatisfaction with his new duties rather than his medical condition.

Landahl filed a petition for review. In a June 5, 2000, order, the board stated that the administrative judge found that Landahl requested long-term leave and showed he suffered from serious health

conditions, but that he did not show he would have been entitled to FMLA leave because he did not prove he was unable to perform his job functions because of these conditions. The board ordered Landahl to submit within fifteen days medical evidence showing whether his cardiac disease or his depression incapacitated him or required treatment at or about the time of the April 27, 1998, meeting with his supervisors, or after that meeting until the effective date of his resignation, May 15, 1998.

Landahl responded on June 21, 2000, with a letter of the same date from a licensed clinical social worker/psychoanalyst, Stanley Zuckerman, M.S.W., who had treated him periodically from 1984 through 1987. On October 5, 2000, the board denied the petition, concluding that there was "no new, previously unavailable evidence and that the administrative judge made no error in law or regulation that affects the outcome." Landahl responded to the denial with a letter dated November 12, 2000, from a Dr. James L. Olson, his general practice physician, who opined in part based on Landahl's treatment in June 1998 by a psychiatrist, Dr. Simon, in the same medical group. On December 13, 2000, Landahl submitted more medical records showing that on May 11, and May 18, 1998 Landahl saw a mental health therapist at his HMO, who noted clinical impressions of depression and a prescription consult. The clerk for the board responded with a December 21, 2000, letter stating that no further review was available to Landahl with the board.

We review the board's decision under a narrow standard. *See Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed.Cir. 1998); *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

■ Landahl argues first that the board failed to take account of the additional evidence he provided in response to its June 5, 2000, order. He argues in essence that we should consider his late-submitted evidence because he worked assiduously within the confines of his health maintenance organization to obtain the correct documentation, and that the intent of the FMLA was to allow for liberal access to its leave.

The board may grant a petition for review if it finds "[n]ew and material evidence ... that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d)(1) (2000). However, the Zuckerman letter Landahl initially provided in response to the board's order is not material because it does not come close to showing he had "a serious health condition that ... [made him] unable to perform the functions of ... [his] position" during late April to early May 1998. *See* 5 U.S.C. § 6382(a)(1)(D) (1994); 5 C.F.R. § 630.1203(a)(4) (2001). Zuckerman had not treated Landahl during that year, and did not have the requisite knowledge of his condition in April and/or May 1998 to opine about its impact on his duties. The Zuckerman letter is not new, material evidence because it is not probative of the issue for which it is being offered.

The remainder of the late-submitted medical evidence, in particular the Olson letter and the May 11 and 18 medical records, come closer to making the evidentiary showing requested by the board. However, Landahl submitted this evidence four and five months after the board's original deadline, after its final denial of

his petition for review, and well after the record was closed.

An appellant generally is not permitted to present evidence before the board that was not presented to the administrative judge, unless that evidence was for some reason unavailable until after the record closed. *See* 5 C.F.R. § 1201.115(d)(1) (2000). We find nothing in the record to suggest that Landahl's evidence was unavailable at the time of his response to the board's June 5, 2000, order, or previously, at the times of either of his submissions to the administrative judge. The board was under no obligation to give Landahl an additional opportunity to present further evidence. However, it did so and specified a time limit and the nature of the proof that was lacking, but Landahl failed to present the appropriate proof within the allotted time. Therefore, the board did not abuse its discretion in refusing to *sua sponte* reopen its decision and consider the newly submitted evidence. *See* 5 C.F.R. § 1201.117–18 (2000); *Cheguina v. Merit Sys. Prot. Bd.*, 69 F.3d 1143, 1147 (Fed. Cir.1995) (no abuse of discretion by board for failure to reopen record regarding good reason why appeal was untimely; no showing why newly presented evidence of good reason could not have been presented to the administrative judge); *Azarkhish v. Office of Pers. Mgmt.*, 915 F.2d 675, 678–79 (Fed.Cir.1990) (same). Moreover, the FMLA does not bear on the timing of the proof that is required to be presented to the board.

▮ Based on the evidence that was timely submitted, the board did not err in finding that Landahl failed to prove that his resignation was involuntary. To establish his claim, Landahl had the burden of showing that: "(1) . . . [he] involuntarily accepted the terms of . . . [the agency]; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the . . . [agency]." *Christie v. United States*, 207 Ct.Cl. 333, 518 F.2d 584, 587 (1975); *see also Middleton v. Dept. of Defense*, 185 F.3d 1374, 1379 (Fed.Cir.1999). Landahl argued that he was forced to resign because he had "a serious health condition that . . . [made him] unable to perform the functions of . . . [his] position" (a right to FMLA leave pursuant to 5 U.S.C. § 6382(a)(1)(D) (1994); 5 C.F.R. § 630.1203(a)(4) (2001)); that he communicated his need for leave to the agency; and that the agency coercively failed to grant it, leaving him no alternative but to resign since his health did not permit him to work. However, Landahl offered no timely proof below to establish that his health conditions made him unable to perform his job functions. His 1995, 1996, and 1998 medical outpatient care forms and the list of symptoms he provided to Ms. Boyd on April 9, 1998 show that Landahl suffered from depression and a heart condition, but do not show that these conditions were serious enough to cause him to be unable to perform his job functions. Landahl began to provide evidence on this issue following the board's final order; however, as discussed above, the offer came too late. Therefore, Landahl's claim of involuntary resignation fails for want of proof of elements (2) and (3), because Landahl would have no cause to resign for the agency's failure to inform him of FMLA rights if he had not been entitled to such leave.

Landahl's reliance on *Ellshoff v. Dep't of Interior*, 76 M.S.P.R. 54 (1997) is misplaced. *Ellshoff* concerned an agency termination of a government employee for inability to perform her job duties and unauthorized absence from duty. Thus, the government bore the burden of proving its charges, and the board held that the burden of proof should not be shifted to the appellant to prove entitlement to

leave under the FMLA in the nature of a defense. *Id.* at 73–74. Here, the initial burden of proof is on Landahl to show that his resignation was involuntary. *See Staats v. United States Postal Serv.*, 99 F.3d 1120, 1124 (Fed.Cir.1996). Therefore, there is no impermissible burden-shifting in requiring Landahl to prove his entitlement under the FMLA.

We do not reach the remainder of Landahl's arguments because his case fails as set forth above.