**Josie BALL, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3050.

United States Court of Appeals, Federal Circuit.

DECIDED: June 14, 2004.

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

PER CURIAM.

Josie Ball appeals from a final order of the Merit Systems Protection Board ("MSPB") rendered September 29, 2003, Docket No. AT0752020695–I–1. The MSPB dismissed Ms. Ball's appeal for failure to prosecute, holding that she had abandoned the appeal. We *affirm*.

DISCUSSION

The sole issue is the dismissal of Ms. Ball's appeal. We must affirm the MSPB's decision unless, upon review, we find it to be

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without proce-

dures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence;....

5 U.S.C. § 7703(c) (2000).

The MSPB has authority to dismiss a case for failure to prosecute. 5 C.F.R. § 1201.43(b) states:

> If a party fails to prosecute or defend an appeal, the presiding official may dismiss the action with prejudice or rule for the appellant.

However, such a severe sanction should not be imposed unless it is clearly warranted. This court has recently confirmed that dismissal should have appropriate support:

> The [MSPB's] precedent notes that such an "extreme sanction of dismissal of an appeal for failure to prosecute should not be imposed for a single instance of failure to comply with a Board order. In the absence of bad faith or evidence that an appellant intends to abandon his appeal, dismissal for failure to prosecute is generally inappropriate." *Burnett v. Dep't of the Navy*, 71 M.S.P.R. 34, 38 (1996) (overturning a dismissal based on failure to respond to timeliness portion of Acknowledgment Order) (citation omitted). We have noted that dismissing an appeal as untimely is "draconian" and rejected an Administrative Judge's " 'one-strike-and-you're-out' rule based on [failure to comply with] the Acknowledgment Order." *Hamilton v. Merit Sys. Prot. Bd.*, 75 F.3d 639, 646, 647 (Fed.Cir.1996).

*Williamson v. M.S.P.B.*, 334 F.3d 1058, 1063 (Fed.Cir.2003).

In this case, the administrative judge issued an order scheduling the date for filing of prehearing submissions, directing Ms. Ball to be present for a telephonic prehearing conference on October 17, 2002, and setting a hearing date of November 5, 2002. She filed no submission, and was not available by telephone at the specified time. On October 17, 2002 the AJ issued a Show Cause Order directing Ms. Ball to explain by October 22, 2002 why she should not be sanctioned, including the sanction of dismissal, for failing to participate in the prehearing conference. The Order warned Ms. Ball that failure to comply with the Board's Orders could result in dismissal of her appeal.

Having received no response to any of these communications, the AJ dismissed the appeal on October 30, 2002. Ms. Ball then filed several letters, starting with a letter dated November 2, 2002, stating that she was prevented from participating because (1) she was not clear as to the appropriate procedures, (2) she was busy pursuing a claim for disability benefits before the Social Security Administration, and (3) hurricanes caused damage in her area. The agency opposed reopening the appeal, and the full Board denied review. This appeal followed.

Precedent counsels accommodation of *pro se* petitioners who may not fully understand the procedure. *See Wright v. Dep't of the Treasury*, 53 M.S.P.R. 244, 249 (1992). However, in *Toquero v. M.S.P.B.*, 982 F.2d 520, 522 (Fed.Cir.1993) (citing *Mendoza v. M.S.P.B.*, 966 F.2d 650 (Fed.Cir.1992) (*en banc*)), this court affirmed the dismissal of Mr. Toquero's appeal even though the instructions issued to him by the Office of Personnel Management were of less than optimum clarity, in view of absence of evidence of a good faith attempt to comply with the instructions. Ms. Ball's case is similar to *Ahlberg v. Department of Health and Human Services*, 804 F.2d 1238, 1242 (Fed.Cir.1986) wherein this court stated:

> The presiding official correctly treated the Ahlberg petitioners' failure to make any submission, after twice being told to do so, as a failure to prosecute their appeal, as he had warned them he would do. The regulation explicitly authorized him to dismiss the cases for such failure.

Ms. Ball's statements do not show an attempt to comply with the AJ's orders in the time periods set in the orders. *See also Bacashihua v. M.S.P.B.,* 811 F.2d 1498, 1502 (Fed.Cir.1987).

Ms. Ball provided no response or communication as to the prehearing conference, which was ordered in the same document that set a hearing date of November 5, 2002. Although portions of that document may not be easy to understand by a *pro se* petitioner, the date and time for the telephonic prehearing conference were clearly stated and emphasized. The ensuing show cause order did not receive a timely response. Although Ms. Ball states that she did not receive these Orders, the government states that the storms were in late September and that there were no disruptions in mail delivery or electrical service to Ms. Ball's residence during the time periods at issue for response.

The dismissal for failure to prosecute was within the Board's discretionary authority, and is affirmed.

No costs.