NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONNA BROWN,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3044

---

Appeal from Petition for review of the Merit Systems Protection Board in Case No. CH0752100371-I-1.

---

Decided: December 22, 2011

---

DONNA BROWN, of Chicago, Illinois, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, O'MALLEY, and REYNA, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Donna Brown seeks review of the decision of the Merit Systems Protection Board ("MSPB"), dismissing her appeal for failure to prosecute. *Brown v. Dep't of Veterans Affairs*, 116 M.S.P.R. 85, 2010 MSPB LEXIS 6085 (M.S.P.B. Oct. 15, 2010). We affirm.

## BACKGROUND

Ms. Brown was terminated from her employment as a Patient Services Assistant with the Department of Veterans Affairs (the "VA") on February 26, 2010. She appealed to the MSPB, identifying Anne K. Igoe of the Service Employees International Union as her designated representative. The VA filed a response, and on April 8, 2010, the VA filed a motion to compel Ms. Brown's appearance for a discovery deposition, stating that Ms. Brown had not responded to deposition requests. In a telephone conference on April 15, 2010, the Administrative Judge ("AJ") informed Ms. Brown of the importance of cooperating with the agency's discovery requests.

On April 16, 2010, Ms. Igoe withdrew from representation of Ms. Brown. On April 19, 2010, the AJ issued an Order for Ms. Brown to appear at a discovery deposition on May 3, 2010 at 10:00 AM, stating that failure to comply could result in the imposition of sanctions, including dismissal of the appeal for failure to prosecute. Ms. Brown contends that she attempted to contact the agency's lawyer to reschedule this deposition but was unable to do so, stating in her Petition for Review by the MSPB:

> lawyer went out town, told her I could not make it the 3rd, she should call back to set another date, we

had 30 days. She never did; when called her got no answer.

The VA states that its representative attempted without success to contact Ms. Brown on the morning of May 3, 2010 at Ms. Brown's residential and cell phone numbers. Ms. Brown did not appear for the deposition on May 3, 2010.

On May 5, 2010 the VA moved to dismiss the appeal for failure to prosecute. Ms. Brown filed no response to the motion. On May 27, 2010, the AJ issued an Order to Show Cause why the appeal should not be dismissed, stating that failure to respond would result in dismissal of the appeal. Ms. Brown filed no response. On June 16, 2010, the VA certified to the MSPB that it had not been contacted by Ms. Brown with respect to the various orders, and that Ms. Brown had not responded to discovery requests. On June 23, 2010, the AJ dismissed the case for failure to prosecute.

Ms. Brown sought review from the full MSPB, attributing her failure to appear at the deposition to the unavailability of the VA's counsel prior to that date, and also noting the withdrawal of her Union representative. Ms. Brown made no mention of her failure to respond to the Order to Show Cause, stating that "I have complied with all other procedures I received." The full MSPB denied review; this appeal followed.

## DISCUSSION

On this appeal, Ms. Brown argues that her termination was wrongful. With respect to the dismissal for failure to prosecute, she states: "I wasn't aware of what ruling, I was not allowed to defend myself verbally, or allowed union or any type of representation." *Pet'r's* Br. 1.

The MSPB has authority to dismiss a case for failure to prosecute. *See* 5 C.F.R. §1201.43(b) ("If a party fails to prosecute or defend an appeal, the judge may dismiss the appeal with prejudice or rule in favor of the appellant.") However, the severe sanction of dismissal should not be imposed unless it is clearly warranted. In *Williamson v. M.S.P.B.*, 334 F.3d 1058 (Fed. Cir. 2003), this court stated:

> The [MSPB's] precedent notes that such an "extreme sanction of dismissal of an appeal for failure to prosecute should not be imposed for a single instance of failure to comply with a Board order. In the absence of bad faith or evidence that an appellant intends to abandon his appeal, dismissal for failure to prosecute is generally inappropriate." *Burnett v. Dep't of the Navy*, 71 M.S.P.R. 34, 38 (1996) (overturning a dismissal based on failure to respond to timeliness portion of Acknowledgment Order) (citation omitted).

*Id.* at 1063.

Precedent counsels accommodation of *pro se* petitioners who may not fully understand MSPB procedures. *Wright v. Dep't of the Treasury*, 53 M.S.P.R. 244, 249 (MSPB 1992). Nevertheless, this court has held that dismissal is warranted in the absence of a good faith attempt to comply with the MSPB's orders. *Toquero v. M.S.P.B.*, 982 F.2d 520, 522 (Fed. Cir. 1993). In *Ahlberg v. Dep't of Health & Human Serv.*, 804 F.2d 1238 (Fed. Cir. 1986), this court stated:

> The presiding official correctly treated the Ahlberg petitioners' failure to make any submission, after twice being told to do so, as a failure to prosecute their appeal, as he had warned them he would do.

The regulation explicitly authorized him to dismiss the cases for such failure.

*Id.* at 1242.

Ms. Brown has not shown an attempt to comply with the AJ's orders or the VA's discovery requests. She provided no response or communication as to the VA's Motion to Dismiss or the AJ's Order to Show Cause. These documents are not obscure or ambiguous, and the time and manner of response were clearly stated. The dismissal for failure to prosecute was within the Board's discretionary authority, and is affirmed.

**AFFIRMED**

No costs.