NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHAWNTE' L. AARON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3088

---

Petition for review of the Merit Systems Protection Board in No. DE-0845-14-0503-I-1.

---

Decided: September 14, 2015

---

SHAWNTE' L. AARON, Buckeye, AZ, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, D.C., for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* MOORE, and STOLL, *Circuit Judges.*

PER CURIAM.

Ms. Shawnte' Aaron seeks review of a decision of the Merit Systems Protection Board ("Board") dismissing her appeal as untimely filed. As Ms. Aaron fails to demonstrate that the Board abused its discretion in dismissing her appeal, we *affirm*.

BACKGROUND

Ms. Aaron retired from the United States Postal Service for disability in August 1997. Shortly thereafter, she began receiving disability benefits from the Office of Personnel Management ("OPM"). In September 2013, OPM learned that Ms. Aaron had also received Social Security disability benefits since February 2006. OPM notified Ms. Aaron by letter dated September 23, 2013 that she had been overpaid for the period between 2006 and 2013. The letter explained that the disability payments from OPM should have been reduced by the amount Ms. Aaron received under Social Security. Thus, OPM had overpaid Ms. Aaron by $63,833, which would be collected by reducing her monthly disability benefits. Ms. Aaron requested a waiver of the overpayment, which OPM denied in a reconsideration decision dated April 10, 2014.

OPM's April 10 reconsideration decision advised Ms. Aaron that any appeal must be filed with the Board within 30 days after the date of receipt of the agency's decision, that is, by May 16, 2014. On a date uncertain from the record, Ms. Aaron incorrectly filed her appeal with OPM rather than the Board. While her appeal petition was dated May 2, 2014, Ms. Aaron has not provided detail regarding how or when she submitted it to OPM. The date on which OPM received the appeal is also not identified in the record. The record does show, however, that OPM forwarded Ms. Aaron's appeal petition to the Board on July 17, 2014, and it was received by the Board on July 28. Because Ms. Aaron's appeal arrived at

the Board outside the 30-day deadline, OPM moved to dismiss Ms. Aaron's appeal as untimely filed. The administrative judge ("AJ") then issued an order for Ms. Aaron to show cause why her appeal should not be dismissed as untimely filed, without a showing of good cause for the delay. Ms. Aaron did not respond to OPM's motion or to the Board's show-cause order.

The AJ issued an Initial Decision on September 10, 2014, finding that Ms. Aaron "has not proven that she timely filed her appeal, albeit erroneously, with OPM." RA 12. The AJ concluded that the May 2, 2014 date on her appeal petition did not establish preponderant evidence that she had in fact mailed it prior to the May 16, 2014 appeal deadline. The AJ further found that Ms. Aaron "provided no explanation for her late filing" and "failed to establish that good cause exists for her delay." *Id.*

Ms. Aaron filed a petition for review, which the Board denied, having found no new, previously unavailable evidence or error of law by the AJ. While her review petition asserted, through counsel, that the appeal was mailed on May 2, 2014, it did not include a declaration from Ms. Aaron detailing her filing of the appeal. The petition also did not address Ms. Aaron's failure to respond to the Board's timeliness order. Thus, the Board concluded that Ms. Aaron's petition for review "fail[ed] to explain how and when she submitted her appeal to OPM" and "f[e]ll short of the standard of evidence required to establish that her appeal was timely filed." RA 5. The AJ's Initial Decision therefore became the final decision of the Board. Ms. Aaron timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We must affirm a final decision of the Board unless it is (1) arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  5 U.S.C. § 7703(c); *Stout v. Merit Sys. Prot. Bd.*, 389 F.3d 1233, 1237 (Fed. Cir. 2004).  We review the Board's factual findings concerning timeliness for substantial evidence.  *Espenschied v. Merit Sys. Prot. Bd.*, 804 F.2d 1233, 1238 (Fed. Cir. 1986).  Whether to waive the time limit "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board."  *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).  Ms. Aaron bears the burden of proof regarding the timeliness of her appeal.  *See* 5 C.F.R. § 1201.56(b)(2)(i)(B).

When a petitioner files an untimely appeal, she must show good cause for the delay and that she "exercised due diligence in attempting to meet the filing deadline." *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003); *see also* 5 C.F.R. § 1201.114(g).  When determining whether a petitioner has shown good cause for an untimely filing, the Board may consider several factors such as the length of the delay, whether there was notification of the time limit, the reasonableness of the excuse for the delay, and the circumstances surrounding the delay.  *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994).

In this case, substantial evidence supports the Board's finding that the appeal was untimely and that Ms. Aaron failed to show good cause for her delay.  Ms. Aaron never responded to the AJ's order to show cause why her appeal should not be dismissed as untimely filed.  We have previously found that a "failure even to respond to the administrative judge's order directing [a petitioner] to 'file evidence and argument demonstrating that the appeal was timely filed or that good cause exists for the delay' justified the administrative judge's conclusion that her appeal was untimely and should be dismissed." *Hubbard*

*v. Merit Sys. Prot. Bd.*, 605 F.3d 1363, 1366 (Fed. Cir. 2010).  We see no reason to reach a different result here.

On appeal, Ms. Aaron states that she "ha[s] no excuse other than confusion on my part concerning the process." However, we have explained that "an appellant's confusion regarding Board procedures does not demonstrate good cause for waiving a filing deadline." *Basu v. Merit Sys. Prot. Bd.*, 594 F. App'x 981, 983 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 2374 (2015).  That is particularly so here where Ms. Aaron did not respond to the show-cause order or provide a sworn statement explaining the circumstances under which the appeal was filed.

Under the facts of this case, the Board's dismissal of Ms. Aaron's appeal as untimely was not arbitrary, an abuse of discretion, or otherwise erroneous under the law. *See Turman-Kent v. Merit Sys. Prot. Bd.*, 657 F.3d 1280, 1282 (Fed. Cir. 2011) (explaining that a petitioner "bears a 'heavy burden' to overturn the Board's determination that good cause has not been shown for her untimely filing" (quoting *Zamot*, 332 F.3d at 1377)).

CONCLUSION

Accordingly, we affirm the Board's decision dismissing Ms. Aaron's appeal as untimely filed without good cause shown.

**AFFIRMED**

COSTS

Each party shall bear their own.