## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHANIE L. ROBINSON,
　　　　　　Appellant,

　　　　v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　　Agency.

DOCKET NUMBER
AT-0843-20-0062-I-1

DATE: July 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chanie L. Robinson</u>, Tampa, Florida, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a reconsideration decision of the Office of Personnel Management (OPM) as untimely filed without good cause. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant challenges the initial decision, dismissing her appeal as untimely without good cause. She argues, for the first time on review, that her appeal was timely filed on October 22, 2019, because she received the reconsideration decision of OPM on October 5, 2019. Petition for Review (PFR) File, Tab 1 at 4. In support of her argument, she submits an envelope bearing an illegible postmark, which she asserts is October 2, 2019. PFR File, Tab 3 at 2, 4. In her narrative response, she provides information regarding contacts that she made with an employee with OPM concerning her reconsideration request and information regarding the Board that she sought prior to filing her appeal. *Id*. at 2.

In the Order on Timeliness issued on October 29, 2019, the administrative judge specifically informed the appellant that her appeal may be dismissed if she did not show that it is either timely or that good cause for waiving the filing requirement existed. Initial Appeal File (IAF), Tab 5 at 1-3. The order also

informed her that she should not wait to submit any argument and evidence on the timeliness issue at a later time. *Id.* at 4. The appellant did not respond to the order. In her petition for review, she does not dispute that she did not respond to the order or offer an explanation for not responding to the timeliness order. PFR File, Tabs 1, 3.[2]

When, as here, an appellant fails to respond to an administrative judge's order, the U.S. Court of Appeals for the Federal Circuit, our reviewing court, has found that she does so at her peril and that all litigants before the Board are obligated to respect the Board's procedures and the orders of the administrative judges. *Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Therefore, the court has affirmed the Board's dismissal of appeals based on untimeliness when the appellants fail to respond to orders on timeliness issued by administrative judges. *Aaron v. Merit Systems Protection Board*, 626 F. App'x 283, 285 (Fed. Cir. 2015);[3] *Cheguina v. Merit Systems Protection Board*, 69 F.3d 1143, 1146 (Fed. Cir. 1995); *Mendoza*, 966 F.2d at 654. Furthermore, the Board has generally found that it will not consider on review an argument regarding the timeliness of an appeal when the administrative judge dismissed the appeal after an appellant has inexplicably failed to respond to a timeliness order. *See, e.g.*, *Brown v. U.S. Postal Service*,

---

[2] The administrative judge issued the initial decision after the time limit for the appellant's response to the timeliness order was due and she had not filed a response, but before the time had expired for the agency's response. IAF, Tab 5 at 4. This was error. However, we discern no prejudice to the appellant's rights because she was given her full opportunity to provide evidence and argument on the timeliness issue. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision); *see also Gala v. U.S. Postal Service*, 38 M.S.P.R. 474, 478 (1988) (affirming the dismissal of an appeal as untimely when the premature closing of the record by the administrative judge did not denigrate the appellant's substantive rights), *aff'd*, 878 F.2d 1445 (Fed. Cir. 1989) (Table).

[3] The Board may rely on unpublished Federal Circuit decisions if it finds the court's reasoning to be persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

52 M.S.P.R. 118, 121-22 (1992); *Sledge v. Department of Justice*, 44 M.S.P.R. 455, 459, *aff'd*, 923 F.2d 870 (Fed. Cir. 1990) (Table).

Given the circumstances that the administrative judge specifically informed the appellant that her appeal would be dismissed on the basis of untimeliness if she did not prove that it was either timely filed or that good cause existed for waiving the Board's filing requirement, and that she should not wait to submit any argument and evidence at another time, and she offers no explanation regarding why she did not raise the timeliness argument below, she has failed to show that the Board should consider her argument on review. *See Cheguina*, 69 F.3d at 1147; *Brown*, 52 M.S.P.R. at 121-22.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.