**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES W. GREEN,

    Plaintiff-Appellant,

v.

CITIGROUP, INC.; COMMERCIAL
CREDIT COMPANY, also known as
CCC; PRIMERICA; TRAVELERS;
COMMERCIAL CREDIT SHORT
TERM DISABILITY PLAN, also known
as CCC Short Term Disability Plan;
COMMERCIAL CREDIT LONG TERM
DISABILITY PLAN, also known as CCC
Long Term Disability Plan;
COMMERCIAL CREDIT COMPANY
LIFE INSURANCE PLAN, also known as
CCC Life Insurance Plan;
COMMERCIAL CREDIT COMPANY
MEDICAL BENEFITS PLAN, also
known as CCC Medical Benefits Plan;
COMMERCIAL CREDIT COMPANY
DENTAL BENEFITS PLAN, also known
as CCC Dental Benefits Plan,

    Defendants-Appellees.

No. 03-7010

(D.C. No. 02-CV-463-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY**, **BRISCOE** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff James W. Green, appearing pro se, appeals the district court's dismissal without prejudice of his claims against defendants. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In August 1987, while employed in the claims department of the Gulf Insurance Company, Green suffered a retinal hemorrhage which left him blind in his right eye. He was discharged from his employment with Gulf on September 2, 1987. He worked in the claims department of Chubb & Son, Inc., from December 9, 1987, until he was discharged on October 13, 1989.

Following his discharge from Chubb, Green applied for long-term disability benefits under a disability plan offered through Gulf's corporate parent, Commercial Credit Company (CCC). His claim for disability benefits was denied because (1) he had worked in a similar position for a different employer (Chubb) following his discharge from Gulf, (2) a court had ruled that Green failed to meet the requirements for disability benefits under the Chubb plan, and (3) the Social Security Administration had not

determined Green was disabled until two years after his discharge from Gulf.

Between September 1989 and October 1999, Green filed at least three federal lawsuits, all in the Northern District of Texas, alleging ERISA violations and seeking disability benefits under the CCC plan.[1]  The first suit, in which Green was represented by retained counsel, alleged that Green was discharged by Gulf in violation of ERISA § 510. That suit was dismissed in October 1991 as time-barred.  The second suit, in which Green appeared pro se, included a claim for disability benefits under the CCC plan pursuant to ERISA § 501(a)(1)(B).  That claim was ultimately resolved against Green in federal district court, and the Fifth Circuit Court of Appeals affirmed the judgment in June 1998. The third suit, in which Green again appeared pro se, alleged the wrongful denial of ERISA benefits under the CCC plan.  Summary judgment was entered against Green in that suit on the grounds that his "claims . . . were raised (or should have been raised) and litigated on the merits in his first two lawsuits." Aple. App. at 50.  Green was also "cautioned that the filing of another lawsuit against these Defendants in which he reasserts or alleges any of the claims or causes of action raised in this case or his . . . earlier lawsuits may subject him to appropriate sanctions." Id. at 54.  Although Green apparently attempted to appeal the district court's judgment, the Fifth Circuit denied relief.

_____

[1]  Green also filed at least one unsuccessful lawsuit seeking benefits under the Chubb disability plan.

3

On August 29, 2002, Green, again appearing pro se, filed the instant action in federal district court in Oklahoma.[2] Citigroup, Inc., Primerica, and Travelers were named as defendants as a result of their status as successors in interest to CCC. The gist of the complaint was that Green was entitled to relief from the judgments entered against him in the second and third lawsuits outlined above on the basis of the Supreme Court's decision in Varity Corporation v. Howe, 516 U.S. 489 (1996) (holding ERISA § 502(a)(3) authorizes individual plan beneficiary to bring suit against plan administrator for breach of fiduciary obligations). Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment. On December 3, 2002, the district court granted defendants' motion and dismissed the case without prejudice. In doing so, the district court stated:

> Plaintiff is basically requesting this court to vacate or overrule the judgments rendered by other federal district courts and the Fifth Circuit Court of Appeals. It is axiomatic that one district court has no jurisdiction to review the decision of another district court. Celotex Corporation v. Edwards, 514 U.S. 300, 313 (1995). If plaintiff truly believes a holding in a case could change the outcome of a judgment previously rendered he must bring that to the attention of the court who rendered that decision or appeal it to a higher court. "It is for the court of the first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected." Celotex at 313. This court simply does not have jurisdiction to grant plaintiff the relief which he seeks.

_____

[2] The complaint indicates that Green filed suit in federal district court in Oklahoma, rather than in Texas, simply because he moved from Texas to Oklahoma prior to filing suit.

Aple. App. at 16-17.

After examining the record on appeal, we find no error on the part of the district court in dismissing Green's suit without prejudice. See Ramirez v. Dep't of Corr., 222 F.3d 1238, 1240 (10th Cir. 2000) (applying de novo standard of review to grant of Rule 12(b)(6) motion to dismiss); see also Treadaway v. Acad. of Motion Picture Arts & Sci., 783 F.2d 1418, 1422 (9th Cir. 1986) (applying abuse of discretion standard to district court's decision to decline exercise of jurisdiction over independent action for relief from judgment of another court).[3]  As noted, Green is effectively seeking relief from two judgments entered against him in the Northern District of Texas.  Despite the fact he is currently a resident of Oklahoma, Green clearly could and should have sought relief in Texas.  Thus, the district court properly declined to exercise jurisdiction and dismiss Green's claims without prejudice.  See Treadaway, 783 F.2d at 1422 (affirming district court's declination of jurisdiction over case seeking relief from final judgment of another court); Carter v. Attorney General of the United States, 782 F.2d 138, 142 n.4 (10th Cir. 1986) (noting "[c]ourts have declined to exercise jurisdiction over" claims seeking relief from civil judgment issued by another federal court "when they may be brought in the court which entered the judgment"); Lapin v. Shulton, Inc., 333 F.2d 169, 172 (9th Cir. 1964) (noting considerations of comity and orderly administration of justice demand that

---

[3] We find it unnecessary to conclusively decide the standard of review applicable to this unique case because, even reviewing the case de novo, we conclude there is no merit to the appeal.

non-rendering court decline to exercise jurisdiction if relief is available in rendering court).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge