Robert C. WILLIAMSON, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3349.

United States Court of Appeals, Federal Circuit.

July 2, 2003.

Michael J. Kator, Kator, Parks & Weiser, P.L.L.C., of Washington, DC, argued for petitioner.

Sara B. Rearden, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were Martha B. Schneider, Acting General Counsel; and Stephanie M. Conley, Reviewing Attorney. Of counsel were David M. Cohen, Director; James M. Kinsella, Assistant Director, and Scott Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC.

Before NEWMAN, GAJARSA and PROST, Circuit Judges.

PROST, Circuit Judge.

Robert C. Williamson ("Williamson") petitions for review of the decision of the Merit Systems Protection Board ("Board"), No. AT0831000852–I–2, 2002 WL 1338102, dismissing his appeal with prejudice as untimely. For the reasons discussed herein, we reverse and remand.

## I. BACKGROUND

Williamson applied to the Department of Justice ("Justice") for law enforcement officer service credit for work he performed at the Drug Enforcement Administration ("DEA") from January 1, 1977 to May 10, 1998. Justice denied his application for service credit on August 21, 2000, and Williamson appealed this decision to the Board on August 26, 2000. On September 15, 2000, Williamson and sixty-six similarly situated appellants moved to dismiss their appeals without prejudice to refiling within thirty days of issuance of a final decision in *Hannon v. Department of Justice,* appeal no. 99–3354, then pending before our court. The Board granted the motion on October 6, 2000. We issued our opinion in *Hannon* on December 7, 2000, *Hannon v. Dep't of Justice,* 234 F.3d 674 (Fed.Cir. 2000), and the Supreme Court denied Hannon's petition for certiorari on December 10, 2001.

Within thirty days, Williamson sought to reinstate his appeal. According to the office manager for Williamson's counsel, Williamson's appeal was refiled with the Atlanta Regional Office of the Board by fax and by mail on January 9, 2002, the same day that these documents were unquestionably served on Justice. Williamson's counsel also sent a letter on that same date to the Chief Administrative Judge of the Atlanta Regional Office, stating:

This firm represents more than two hundred DEA Diversion Investigators ("DIs") who are seeking Law Enforcement Officer credit for their time serving as DIs. Many of these DIs have or had cases pending before the MSPB. We sought to voluntarily dismiss these cases pending resolution of *Hannon v. Department of Justice,* CA 99–3354 .... *Hannon* was finally resolved on December 10, 2001 .... We have accordingly moved to reopen all of the DI appeals previously pending before the MSPB.

Because of the large volume of DI cases represented by this office, it is possible that a motion to reopen an appeal that was dismissed pending resolution of *Hannon* may not, by inadvertence, have been filed today. In order to guarantee that the rights of the DIs we represent are not prejudiced, we hereby request that any and all DI cases in your office dismissed pending resolution of *Hannon* in which we are named as representative be reinstated, regardless of whether a specific motion to reinstate has been filed for that case.

This letter proved fortuitous for Williamson, as the Atlanta Regional Office has no record that it received Williamson's refiled appeal.

Sometime in early March of 2002, an Administrative Judge sent Williamson's counsel a letter stating:

As you know, the Board has received a number of motions from the Department of Justice and [Williamson's counsel] in recent weeks relating to the case processing of the law enforcement officer credit appeals of the DEA's Diversion Investigators. Some of those pleadings and/or fax cover sheets have listed a Robert C. Williamson as an appellant. I am writing to inform you that Mr. Williamson's appeal was dismissed without prejudice on October 6, 2000, in

MSPB Docket No. AT–0831–00–0852–I–1, and this office has no record that the appellant ever refiled that appeal.

Obviously, if the appellant desires to refile, he should do so immediately. If appropriate, the Acknowledgement Order will address the issue of timeliness. If the appellant contends that he already has refiled his appeal, he should submit appropriate evidence to me that he has done so and I will have a docket number assigned.

Williamson's counsel responded on March 5, 2002, by refiling Williamson's appeal and sending the Administrative Judge a letter, stating:

I have received your letter concerning the appeal of Robert C. Williamson. Our records show that this appeal was refiled at the same time that the other DEA Diversion Investigators' appeals were refiled with your office. Attached is a copy of that appeal with a certificate of service dated January 9, 2002. If you need additional information in order to docket this appeal as timely refiled please contact me.

The Administrative Judge then sent an Acknowledgement Order to Williamson on March 7, 2002, stating that the office "has received appellant's refiled appeal." The order also noted that "[b]ecause [Williamson's] appeal appears to have been filed after the time limit, it may be untimely." Williamson was then ordered "to file evidence and argument showing that [his] appeal was timely filed or that good cause existed for the delay" within fifteen days.

In the meantime, and notwithstanding the snafu in Williamson's attempt to reinstate his appeal, Williamson's counsel and Justice were moving forward with the group of DEA appeals that had been deferred pending a final decision in *Hannon.* On March 22, 2002, Justice and Williamson's counsel jointly moved for a thirty-day suspension under 5 C.F.R. § 1201.28 because "additional time is necessary to conduct discovery due to the unique procedural obstacles that are present in these cases." Williamson's counsel understood this joint request for suspension to automatically delay the time required for him to respond to the March 7, 2002, Acknowledgement Order. The Administrative Judge thought otherwise: on March 28, 2002, he dismissed Williamson's appeal with prejudice as untimely refiled. *Williamson v. Merit Sys. Prot. Bd.,* No. AT0831000852–I–2 (M.S.P.B. Mar.28, 2002) ("Initial Decision"). The Administrative Judge explained the dismissal:

Inexplicably, the appellant did not file a response to the timeliness issue [as required by the Acknowledgement Order]. Despite that failure, I have fully considered the appellant's explanation for the late filing contained in the refiled appeal.

It is crystal clear that a clerical error was made by the appellant's attorney's support staff since a refiled appeal was prepared and faxed to the agency but not to the Board. Clearly, the appellant intended to refile his appeal on January 9, 2002, along with the many other DEA Diversion Investigators who refiled their appeals on or about that date. But, this appeal was not received by the Board on or about January 9, 2002, and the appellant failed to present evidence to show that it was, in fact, served on the Board on that date. Indeed, the absence of the Board from the certificate of service evidences that the appeal was not served on the Board. Based on this record, I find that the appellant did not refile his appeal with the Board, although he intended to.

*Id.* at 3–4. Relying on *Moore v. Department of the Treasury,* 41 M.S.P.R. 35, 37 (1989), the Administrative Judge concluded

that "[i]n the absence therefore of any explanation regarding the circumstances surrounding the clerical error, a showing that no prejudice has resulted to the agency, or other noteworthy factors, I am constrained by case law to conclude that the appellant has failed to show good cause for the late filing." Initial Decision at 4. The Administrative Judge also noted that had counsel for Williamson exercised due diligence, he would have been alerted that there was a problem when he failed to receive an Acknowledgement Order for the supposed January 9th refiling of Williamson's appeal. *Id.*

After receiving the Initial Decision, Williamson petitioned the Board for review of the dismissal. Williamson's petition included a declaration of his counsel's office manager, who stated that she mailed and faxed Williamson's appeal to the Board on January 9, 2002. Williamson had not presented the declaration to the Administrative Judge, but according to Williamson's counsel, he would have presented this kind of evidence prior to the expiration of what he believed was an extended time period to respond to the Acknowledgment Order. The Board denied Williamson's petition for review, making the Administrative Judge's Initial Decision its Final Decision. *Williamson v. Dept. of Justice*, No. AT0831000852–I–2, 2002 WL 1338102 (M.S.P.B. June 11, 2002).

## II. DISCUSSION

Williamson's petition for review to this court argues that the Board erred by failing to: (1) treat Williamson's appeal as refiled based on the January 9, 2002, letter; (2) stay the time for Williamson to respond to the Acknowledgement Order; (3) consider the March 5, 2002, letter with attached certificate of service as preponderant evidence that Williamson's appeal was filed on January 9, 2002; and (4)

accept Williamson's explanation for refiling on March 5, 2002, as good cause for any delay. This court is vested with jurisdiction to review the final decision of the Board by 5 U.S.C. § 7703(b)(1). When considering Williamson's petition for review, we

> shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence; . . . .

5 U.S.C. § 7703(c) (2000). As explained below, we find that the Administrative Judge failed to follow the procedures required by the Board's regulations when he dismissed Williamson's appeal based in part on having received no response to the March 7, 2002 Acknowledgement Order. We also disagree with the Administrative Judge's determination that the evidence of record failed to establish that the appeal was timely filed or that there was good cause for any delay in filing.

### A

According to 5 C.F.R. § 1201.28(a): The parties may submit a joint request for additional time to pursue discovery or settlement. Upon receipt of such request, the judge will suspend processing of the case for a period up to 30 days. The judge will grant an extension of the suspension period for up to an additional 30 days upon a joint request from the parties for additional time. This regulation gave the Administrative Judge no discretion to deny the request for more time: he was required to suspend processing of the case.

We are not persuaded by the Board's justification on appeal for the Administra-

tive Judge's failure to follow this regulation. According to the Board, there was no "case" for the Administrative Judge to suspend because it had not yet been determined whether Williamson's appeal had been timely refiled. We disagree with this reasoning. On March 5, 2002 (if not January 9, 2002), Williamson filed with the Board a document containing all of the necessary information to initiate an appeal. *See* 5 C.F.R. § 1201.24(a) (2002) (listing the required contents of an appeal document). Based on this document, the Board created and assigned a new docket number and the Administrative Judge issued an Acknowledgement Order. These actions are, in our view, part of the "processing of a case" and indicate that there was indeed a "case" pending for purposes of a § 1201.28 suspension request. Moreover, by referring to the "case processing instructions set forth in this order," the Acknowledgement Order indicates that Williamson's submission of evidence regarding timeliness as instructed by the Order was a part of case processing.

█ We also note that the impact of the Administrative Judge's decision is to impose the most severe sanction available— the complete loss of Williamson's appeal rights—based on the fact that Williamson had not yet responded to the Acknowledgement Order. The Board's precedent notes that such an "extreme sanction of dismissal of an appeal for failure to prosecute should not be imposed for a single instance of failure to comply with a Board order. In the absence of bad faith or evidence that an appellant intends to abandon his appeal, dismissal for failure to prosecute is generally inappropriate." *Burnett v. Dep't of the Navy*, 71 M.S.P.R. 34, 38 (1996) (overturning a dismissal based on failure to respond to timeliness portion of Acknowledgement Order) (citation omitted). We have noted that dis-

missing an appeal as untimely is "draconian" and rejected an Administrative Judge's " 'one-strike-and-you're-out' rule based on [failure to comply with] the Acknowledgement Order." *Hamilton v. Merit Sys. Prot. Bd.*, 75 F.3d 639, 646, 647 (Fed.Cir.1996). Notwithstanding the Administrative Judge's perception of Williamson as pococurante about responding to the Acknowledgement Order, all indications are that Williamson intended to refile his appeal, that he took reasonable and good faith steps to do so, and that he intended to present evidence in response to the Acknowledgement Order within the time frame permitted by the requested suspension. At the very least, the Administrative Judge (who was clearly aware of the motion to suspend proceedings because it was referenced in his Initial Decision) could have informed Williamson's counsel that such a motion did not relieve Williamson of his burden to comply with the Acknowledgement Order and that appropriate evidence should be promptly submitted. *See id.* at 647 ("Dismissal because of failure to anticipate with exactitude the problems and solutions in the mind of the AJ is not the process which is due an appellant. The AJ should have at least afforded Hamilton a further opportunity to reply.").

We therefore conclude that the Administrative Judge erred by dismissing Williamson's case prior to the expiration of the requested thirty-day suspension. The time for Williamson to respond to the Acknowledgement Order should have been delayed in response to the parties' joint motion to suspend proceedings.

**B**

Alternatively, we also disagree with the Administrative Judge's determination that, on the record before him, he was compelled to dismiss Williamson's appeal as

untimely. Williamson was required to present only preponderant evidence that his appeal was timely filed. *See Higgins v. United States Postal Serv.,* 84 M.S.P.R. 64, 68 (1999). If it was not timely filed, then Williamson was required to show good cause for any delay. *See* 5 C.F.R. § 1201.22(c). Thus, Williamson's appeal should have been reinstated if he could show either: (1) that his appeal was filed on January 9, 2002, or (2) that there was good cause for not filing the appeal until March 5, 2002.

■ Under the first alternative, there are at least three documents that, taken together, are sufficient to constitute preponderant evidence that Williamson's appeal was filed on January 9, 2002. First, Williamson's counsel sent a letter to the Board on January 9, 2002, stating that he was refiling that same day *"all* of the DI appeals previously pending before the MSPB" (emphasis added). It is undisputed that Williamson's appeal is one of those DI appeals. The January 9, 2002, letter is therefore at least some evidence that Williamson's appeal was timely filed at the same time as the other DI appeals. Second, Williamson's counsel sent the Administrative Judge a letter on March 5, 2002, representing that the "appeal was refiled at the same time that the other DEA Diversion Investigators' appeals were refiled with your office." Counsel's representation that the appeal was filed on January 9, 2002, is further support for the fact that the appeal was indeed filed on that date. *See Burnett,* 71 M.S.P.R. at 36 (noting that explanations for untimely filing an appeal do not need to be in any particular form, such as a sworn statement or affidavit). Finally, the March 5, 2002, letter attached a certificate of service, stating that Williamson's appeal was faxed and mailed to Justice on January 9, 2002. While the certificate does not state that

the appeal was filed at the Board, such a statement is not required and its absence is not indicative that the appeal was not filed. *See* 5 C.F.R. § 1201.26(b)(2) (stating the requirements for a certificate of service). Rather, the certificate of service corroborates Williamson's assertion that the appeal was filed on the same day that it was served. *See Burnett,* 71 M.S.P.R. at 36 (finding that certificates of service corroborated appellant's assertion that an appeal was mailed on a particular date).

On balance, and in the absence of the presentation by Justice of any evidence to the contrary, we find that Williamson established that his appeal was refiled on January 9, 2002. The Administrative Judge's determination to the contrary was not supported by substantial evidence and was an abuse of discretion. *Pyles v. Merit Sys. Prot. Bd.,* 45 F.3d 411, 414 (Fed.Cir. 1995) ("The Board necessarily abuses its discretion when it rests its decision on factual findings unsupported by substantial evidence.").

■ With respect to the second alternative under which Williamson's appeal should have been reinstated—that there was good cause shown for the delay—we likewise disagree with the Administrative Judge's ruling. The Board has acknowledged that " '[b]road equitable principles of justice and good conscience' should be applied in good cause determinations." *See Walls v. Merit Sys. Prot. Bd.,* 29 F.3d 1578, 1582 (Fed.Cir.1994). "If the employee gives a reasonable excuse for the delay, such excuse should be accepted by the presiding official, absent a showing of substantial prejudice to the agency caused by the delay in filing." *Id.* (quoting *Alonzo v. Dep't of Air Force,* 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980)).

■ Williamson's excuse for filing his appeal on March 5, 2002 (assuming that it was not filed on January 9, 2002) was that

he believed it was timely filed on January 9, 2002. A reasonable and good faith belief by Williamson's counsel that the appeal was actually filed, based on his having taken all the necessary steps to do so, is a reasonable excuse for a later filing immediately upon learning that something had gone awry with the January 9, 2002 appeal documents. Moreover, there is no dispute that Justice has suffered no prejudice for any delay in filing. We therefore find that Williamson has shown good cause for refiling his appeal on March 5, 2002 and that the Administrative Judge's determination to the contrary was an abuse of discretion. *Pyles*, 45 F.3d at 416 ("Because Pyles showed good cause for her untimely filing, and the OPM made no effort to show substantial prejudice flowing from the delay, we hold that the denial of the waiver was an abuse of discretion.").

### III. CONCLUSION

For the foregoing reasons we reverse the Board's decision dismissing Williamson's appeal as untimely and remand to the Board for reinstatement of Williamson's appeal.

*REVERSE and REMAND.*