NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3202

GUADALUPE M. VASQUEZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Guadalupe M. Vasquez, of San Antonio, Texas, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3202

GUADALUPE M. VASQUEZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0831080521-I-1.

_____

DECIDED: November 5, 2009

_____

Before GAJARSA, PLAGER, and LINN, Circuit Judges.

PER CURIAM.

Guadalupe M. Vasquez ("Vasquez") appeals the final decision of the Merit Systems Protection Board ("Board"), dismissing her appeal for failure to prosecute. Vasquez v. Office of Pers. Mgmt., No. DA0831080521-I-1 (M.S.P.B. Nov. 14, 2008) (initial decision); Vasquez v. Office of Pers. Mgmt., No. DA0831080521-I-1 (M.S.P.B. May 14, 2009) (final order). Because we find no basis to overturn the Board's decision, we affirm.

Jessie R. Vasquez ("Mr. Vasquez") retired from federal service effective July 31, 1975. At the time of his retirement, Mr. Vasquez was married to Bertha Vasquez, and he elected to receive a reduced retirement annuity so as to provide for a survivor

annuity under the Civil Service Retirement System for his spouse. Mr. Vasquez and Bertha Vasquez were divorced on July 10, 1978. Mr. Vasquez married the appellant, Guadalupe M. Vasquez, on September 16, 1985.

After Mr. Vasquez's death on March 24, 2008, Vasquez filed an application with the Office of Personnel Management ("OPM") for survivor annuity benefits. OPM denied Vasquez's application because Mr. Vasquez had not filed an election to provide the appellant with a survivor annuity within two years of their marriage as required by 5 U.S.C. § 8339(j)(5)(C)(i) (2006). Vasquez timely appealed this decision to the Board. The administrative judge ("AJ") issued an order on September 26, 2008, setting a close of evidence deadline of November 6, 2008, and scheduling a "close of the record conference" on October 23, 2009, at 9:00 a.m. The order included a telephone number and code for the parties to use in order to access the conference call. Vasquez v. Office of Pers. Mgmt., No. DA0831080521-I-1 (M.S.P.B. Sept. 26, 2008) (order closing the record).

When neither party telephoned at the scheduled time, the AJ rescheduled the conference call and informed the parties that if the appellant failed to participate in the rescheduled conference on October 31, 2008, Vasquez's appeal could be dismissed for lack of prosecution. Vasquez v. Office of Pers. Mgmt., No. DA0831080521-I-1 (M.S.P.B. Oct. 23, 2008) (order rescheduling close of record conference). When Vasquez failed to either call in for the rescheduled conference or contact the AJ to request rescheduling the call, the AJ gave Vasquez until November 13, 2008, to show good cause for her failure to participate in the conference. Vasquez v. Office of Pers. Mgmt., No. DA0831080521-I-1 (M.S.P.B. Oct. 31, 2008) (order to show cause). The AJ

made clear that absent such a showing, he would dismiss her appeal for failure to prosecute. Id. Vasquez did not respond to this order and on November 14, 2008, the AJ dismissed Vasquez's appeal for failure to prosecute.

On January 5, 2009, Vasquez petitioned the Board to review the AJ's dismissal. With her petition, Vasquez provided documentation that she had been hospitalized from August 20 to August 27, 2008, and that some effects of her illness remained which limited her activity. On May 14, 2009, the Board denied Vasquez's petition for review. Vasquez v. Office of Pers. Mgmt., No. DA0831080521-I-1 (M.S.P.B. May 14, 2009). Vasquez appealed this decision on June 16, 2009.

This court's review of a decision of the Board is limited by statute. Under 5 U.S.C. § 7703(c) (2006), this court is bound by a decision of the Board unless we find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence. See, e.g., Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1321 (Fed. Cir. 1999). Dismissal of an appeal for failure to prosecute is an extreme sanction. Williamson v. Merit Sys. Prot. Bd., 334 F.3d 1058, 1063 (Fed. Cir. 2003). 5 C.F.R. § 1201.43(b) (2009), however, explicitly authorizes an AJ to impose such a sanction when a party fails to prosecute an appeal. See Ahlberg v. Dep't of Health and Human Servs., 804 F.2d 1238, 1242-43 (Fed. Cir. 1986) (finding the presiding official correctly dismissed an appeal for failure to prosecute after petitioners failed to make any submission after two warnings).

In her informal brief, Vasquez argues the merits of her original case asserting that Mr. Vasquez never received notice that he was required to make an election within two years of his marriage and that his continuous receipt of a reduced retirement

annuity evidenced his intent to provide Vasquez with a survivor annuity. However, our authority is limited to a review of the Board's decision dismissing the appeal for failure to prosecute. The merits of this case were not before the Board and it made no decision about the facts relating to Vasquez's right to a survivor annuity. We review only whether the Board's decision dismissing Vasquez's appeal for failure to prosecute was in error.

Vasquez provides no explanation, other than attaching the declaration referring to her August 2008 illness, why neither she nor her representative participated in either of the October 2008 conferences. Moreover, Vasquez does not explain why a hospitalization in August would prevent her from participating in conference calls held two months later. Finally, she has not explained why she did not respond to the AJ's order to show cause in November 2008. Vasquez's informal brief offers no arguments and cites no evidence as to why the AJ erred in dismissing her appeal for failure to prosecute, and therefore provides no basis for us to rule in her favor. Vasquez was twice given notice that absent her participation, her case would be dismissed. When, despite such notice, Vasquez failed to make any submissions, the AJ properly dismissed her case for failure to prosecute. In short, we are left with no basis to overturn the Board's dismissal of the appeal.

For the foregoing reasons, the Board's decision is <u>affirmed</u>.

COSTS

No costs.