NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DALIA KULOWIEC,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1980

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-24-0106-I-1.

---

Decided: April 9, 2026

---

DALIA KULOWIEC, Montgomery Village, MD, pro se.

STEPHEN FUNG, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

---

Before HUGHES and STOLL, *Circuit Judges*, and SEEBORG, *Chief District Judge.*[†]

PER CURIAM.

Dalia Kulowiec petitions for review of a final decision of the Merit Systems Protection Board dismissing the appeal of her removal as a police officer with the Department of Commerce based on bad-faith noncompliance. Because we conclude that the Board did not abuse its discretion in applying this sanction, and because Ms. Kulowiec's other arguments lack merit, we affirm.

I

On August 25, 2023, Ms. Kulowiec was removed from service as a police corporal with the National Institute of Standards & Technology based on medical inability to perform the essential functions of her position. On November 2, 2023, Ms. Kulowiec filed an initial appeal of her removal with the Board. She was represented in this appeal by Mr. Brook L. Beesley.

On December 6, 2023, the administrative judge ordered a status conference for December 14, 2023, indicating that the "appellant *and* the representatives of record" were to appear. S.A. 60 (emphasis added).[1] However, at the status conference, Mr. Beesley appeared without Ms. Kulowiec, and he indicated that Ms. Kulowiec declined to appear.

On July 10, 2024, the administrative judge issued another scheduling order, setting a status conference for

---

[†]    Honorable Richard Seeborg, Chief District Judge, United States District Court for the Northern District of California, sitting by designation.

[1]    S.A. refers to the supplemental appendix attached to the respondent's informal brief. P.A. refers to the material attached to the petitioner's informal opening brief.

August 13, 2024. Again, both "the appellant <u>and</u> the representatives" were ordered to appear. S.A. 79. Both Ms. Kulowiec and Mr. Beesley failed to appear without explanation. The administrative judge issued a show cause order, ordering both "appellant <u>and</u> her representative" to explain their failure to attend or else face sanctions. S.A. 80. Mr. Beesley responded, purportedly on behalf of himself and Ms. Kulowiec, indicating that there was a scheduling mix-up between Ms. Kulowiec's case and a case for a different client. Mr. Beesley also mentioned, for the first time, that he "suffers from chronic long term medical condition(s)." S.A. 86. Accordingly, he asked for an accommodation to be given advance "notice of any scheduling and/or rescheduling matters." S.A. 86–87. On August 29, 2024, the agency moved the Board to sanction Ms. Kulowiec and dismiss her appeal with prejudice. As part of this motion, the agency also provided evidence that Mr. Beesley's purported hearing for a different client had in fact been continued, meaning no obstacle prevented Mr. Beesley from attending Ms. Kulowiec's status conference.

The administrative judge issued another scheduling order on October 8, 2024, requesting Ms. Kulowiec and Mr. Beesley appear at a status conference on October 25, 2024. This order warned Ms. Kulowiec and Mr. Beesley that their failure to appear, absent good cause, would be "sanction[ed] up to and including the dismissal of this appeal with prejudice." S.A. 103. Both Ms. Kulowiec and Mr. Beesley appeared at the conference. During the proceedings, Mr. Beesley accused the administrative judge of misrepresenting his statements, so the administrative judge informed the parties that he would begin recording the call for the record. Mr. Beesley objected based on his belief that the law of California (where he was located) required that the administrative judge first obtain his consent to record. The administrative judge also inquired directly with Mr. Beesley about why Ms. Kulowiec had not

complied with his earlier orders, but Mr. Beesley's responses were "evasive," only referring vaguely to Ms. Kulowiec's medical conditions. S.A. 106. Finally, as to Mr. Beesley's own medical conditions allegedly impacting his ability to work, the administrative judge requested that Mr. Beesley submit documentation corroborating his need for advance scheduling notices. Mr. Beesley provided this documentation on November 7, 2024.

On March 25, 2025, the administrative judge granted the agency's motion for sanctions. The administrative judge found that Ms. Kulowiec's and Mr. Beesley's repeated failures to comply with orders were not excused by good cause, and that Mr. Beesley's behavior during the October 25 status conference "frustrate[d] the efficient processing of [the] appeal based on his unprofessional, combative, and condescending behavior." S.A. 137–38. Nevertheless, the administrative judge decided not to dismiss the appeal but instead impose the lesser sanction of canceling Ms. Kulowiec's scheduled hearing. The administrative judge then warned that this was Ms. Kulowiec's last chance, and that future noncompliance would lead to dismissal with prejudice. A recorded close-of-record teleconference was then scheduled for April 29, 2025.

On April 28, 2025, the day before the scheduled conference, Ms. Kulowiec submitted notice through Mr. Beesley that she objected to the planned recording and would not attend. The following day, neither Ms. Kulowiec nor Mr. Beesley appeared.

On April 30, 2025, the administrative judge issued an initial decision dismissing Ms. Kulowiec's appeal with prejudice as a sanction. The administrative judge found this severe measure warranted because, even after being sanctioned for failure to comply, Ms. Kulowiec and Mr. Beesley refused to correct their behavior. Specifically, the administrative judge found that: (1) the dilatory timing of Ms. Kulowiec's April 28 notice of non-consent was evidence of bad

faith, *see Kulowiec v. Dep't of Com.*, No. DC-0752-24-0106-I-1, 2025 MSPB LEXIS 2406, at \*18–19 (M.S.P.B. Apr. 30, 2025) (*Board Decision*); (2) Ms. Kulowiec's failure to identify a basis for her objection to the recording, apart from "dubious and unsupported claim[s]" under state wiretapping statutes, similarly suggested bad faith, *id.* at \*19–20 & n.7; and (3) Mr. Beesley's failure to appear for the April 29 teleconference was in bad faith, and more generally part of a pattern of "obstructive, antagonistic, and unprofessional" conduct, *id.* at \*21–22. Neither party filed a petition for review, and the decision became final on June 4, 2025. Ms. Kulowiec timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

II

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Baird v. Dep't of the Army*, 517 F.3d 1345, 1349 (Fed. Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938).

On appeal, Ms. Kulowiec, now proceeding pro se, makes several arguments: (1) that she was improperly denied statutory hearing rights, and that the Board improperly entered summary judgment against her; (2) that the administrative judge improperly entered sanctions because she prosecuted her appeal in good faith; and (3) that the administrative judge's recording of her status

conference proceedings violated law, rule, or regulation.[2] We address each argument in turn.

A

Ms. Kulowiec first alleges that the Board improperly stripped her of statutory hearing rights "through an unauthorized form of summary judgment disguised as sanctions." Pet. Br. 4 (quoting ECF No. 9 at 2). We disagree.

Title 5, Section 7701(a) provides that an appellant to the Board has the right to a hearing and the right to be represented. However, the right to a hearing can be forfeited. For instance, 5 C.F.R. § 1201.43(b) provides that "[i]f a party fails to prosecute or defend an appeal, the judge may dismiss the appeal with prejudice or rule in favor of the appellant." And while we have noted that this is an

---

[2]    Ms. Kulowiec also argues her due process rights were violated by the agency's alleged failure to schedule an oral reply. However, we may only review final decisions of the Board, 28 U.S.C. § 1295(a)(9), and the final decision here does not address the merits of Ms. Kulowiec's appeal, passing only on the propriety of sanctions. Thus, the sole issue on appeal is whether the Board erred by dismissing Ms. Kulowiec's appeal as a sanction. *Accord Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Because the district court ultimately dismissed [the] complaint for failure to prosecute, the substantive merits of these claims are not now before us for review."); *see Askan v. FARO Techs., Inc.*, 809 F. App'x 880, 884–85 (Fed. Cir. 2020) (merits of underlying claims irrelevant to review of district court's dismissal sanction under Fed. R. Civ. P. 37). For this reason, we also do not consider Ms. Kulowiec's argument that the administrative judge failed to make "finding[s] on the agency's refusal to accommodate representative restrictions," which similarly appears to run to the merits of her appeal. Pet Br. 7.

"extreme sanction" that "should not be imposed for a single instance of failure to comply with a Board order," *Williamson v. M.S.P.B.*, 334 F.3d 1058, 1063 (Fed. Cir. 2003) (citation omitted), we have also recognized that repeated failure to respond to Board orders may justify dismissal, *Ahlberg v. Dep't of Health & Hum. Servs.*, 804 F.2d 1238, 1242–43 (Fed. Cir. 1986). The imposition of dismissal and other sanctions falls within the discretion of the Board and may not be reversed "unless an abuse of discretion is clear and is harmful." *Baker v. Dep't of Health & Hum. Servs.*, 912 F.2d 1448, 1457 (Fed. Cir. 1990) (citation omitted).

Here, despite multiple warnings of the potential for sanctions, both Ms. Kulowiec and Mr. Beesley failed twice to appear for scheduled teleconferences. S.A. 80–81; S.A. 149. In each instance, these failures to appear were either entirely unexcused or justified only by conclusory and unsupported objections. *Compare* S.A. 85–87 (Mr. Beesley contending that scheduling mix-up kept him from attending conference on Ms. Kulowiec's behalf), *with* S.A. 92–94 ¶¶ 8–15 (the government demonstrating that no such scheduling conflict existed). *See also* S.A. 147–48 (notice of objection, without supporting reasons, to recorded teleconference). So too did Ms. Kulowiec fail to explain her own absence from the August 13, 2024, teleconference, despite the administrative judge's show cause order clearly directing her and Mr. Beesley to submit separate explanations. And prior to applying the sanction of dismissal, the Board had already applied the lesser sanction of cancelling Ms. Kulowiec's hearing, but even this failed to increase Ms. Kulowiec's compliance. *Board Decision*, 2025 MSPB LEXIS 2406, at *23–24. Faced with these repeated violations of Board orders, we cannot say the administrative judge abused his discretion in applying the sanction of dismissal.

We also reject Ms. Kulowiec's related argument, relying on our nonprecedential decision in *Gelb v. Department of Veterans Affairs*, No. 2023-1157, 2023 WL 3493702

(Fed. Cir. May 17, 2023), that she prosecuted her appeal in good faith and had good cause for any omissions based on Mr. Beesley's representation, submission of medical accommodation documents, and "diligent[ ] fil[ing]" of responses. Pet. Br. 5–6. True, in *Gelb*, we observed that, at least where an order only required an "appellant" to appear, an appellant's representative could attend the hearing on the appellant's behalf and remain compliant with the Board's order. *See* 2023 WL 3493702, at \*5. Here, however, the administrative judge's scheduling orders plainly required attendance by *both* Ms. Kulowiec and Mr. Beesley. S.A. 60; S.A. 79; S.A. 103. We therefore do not find *Gelb* applicable. Regardless, Mr. Beesley's conduct falls far short of demonstrating good-faith prosecution. *See, e.g.*, S.A. 85–87 (belatedly raising accommodation request after missing August 13, 2024, scheduling conference); S.A. 147–48 (filing cursory objection to close-of-record teleconference one day in advance). The Board's finding of bad faith, supporting its discretionary application of sanctions, is therefore supported by substantial evidence.

Finally, we conclude that the application of this sanction, specifically authorized by regulation, was not a disguised summary judgment determination. Indeed, the administrative judge did not pass at all on the merits of Ms. Kulowiec's case. At least where, as here, the administrative judge focuses specifically on whether the sanctions power is appropriate to address bad faith prosecution of an appeal, we decline to read this power as conflicting with case law on the Board's inability to grant summary judgment. *Cf. Crispin v. Dep't of Com.*, 732 F.2d 919, 922–23 (Fed. Cir. 1984) (recognizing the Board may impose sanctions for failure to comply after noting Board's inability to grant summary judgment).

B

We next consider Ms. Kulowiec's argument that the administrative judge violated law, rule, or regulation by

recording the proceedings of her status conference on October 25, 2024. Specifically, Ms. Kulowiec argues that federal law and the state laws of California (again, where Mr. Beesley was located at the time of the teleconference) and Maryland (where she was located at the time of the teleconference) prohibit recording private conversations without the consent of all parties involved. Ms. Kulowiec also argues that the administrative judge acted contrary to the Board's Judges' Handbook and other Board policies by recording.

These arguments, too, are uncompelling. First, Ms. Kulowiec fails to connect the administrative judge's purported error in recording the proceedings to any deficiency in the Board's decision. *See Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020) ("The petitioner bears the burden of establishing reversible error *in the Board's final decision*." (emphasis added)). However, reading Ms. Kulowiec's pro se filings liberally, *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013), it is possible that Ms. Kulowiec intends to challenge those portions of the Board's final decision in which the administrative judge considered Ms. Kulowiec's objections to recorded proceedings and found them insufficient to excuse her and Mr. Beesley's absence, *see Board Decision*, 2025 MSPB LEXIS 2406, at *19–22.

Even if we assume this link between the challenged conduct and the Board's decision, we are unpersuaded. The federal statute and state statutes to which Ms. Kulowiec directs us do not appear to apply to proceedings before the Board. California's statute applies only to "confidential" communications, and both Maryland's statute and the federal statute refer to the wrongful "interception" of communications. *See* Cal. Penal Code § 632(a), (c); Md. Code Ann., Cts. & Jud. Proc. § 10-402(a)(1); 18 U.S.C. § 2511. None of the statutes on their face would therefore apply when a party voluntarily appears in an adversarial administrative proceeding: in such circumstances, the parties must

understand their conversations are being documented for the record, whether by analog or electronic means. This is not a wrongful interception of, or intrusion upon, private communications. And Ms. Kulowiec's arguments based on the Board Judges' Handbook and other Board policies similarly fail. Even were we to read the Judges' Handbook as requiring categorical deference to state privacy statutes, which we do not, the Board's own precedential decisions make clear that the Judges' Handbook "is not mandatory and failure to apply its provisions does not establish adjudicatory error." *Gregory v. Dep't of the Army*, 114 M.S.P.R. 607, 615–16 (2010). Nor do we find convincing Ms. Kulowiec's argument that Board policies that prohibit *others* from recording Board personnel without consent were somehow violated here by the administrative judge's choice to record Ms. Kulowiec's proceedings. *See* Pet Br. 5 (citing P.A. 3–4). We therefore find that Ms. Kulowiec fails to demonstrate reversible error in the Board's decision on this basis.

## III

We have considered Ms. Kulowiec's other arguments and find them unpersuasive. For these reasons, we affirm the Board's dismissal of Ms. Kulowiec's appeal with prejudice as a sanction.

**AFFIRMED**

COSTS

No costs.